UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN CHRISTOPHER KRAFP,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF CORRECTIONS,<br><br>Respondent. | CASE NO. C11-5692-RBL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR:<br>FEBRUARY 17, 2012 |

This petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4.

Respondent argues that there are three claims in the petition and that one is time barred and the other two are unexhausted (ECF No. 14, page 4 to 9). Respondent asks that the time barred claim be dismissed with prejudice and that the other two claims be dismissed without prejudice so that petitioner may return to state court on those claims if he wishes. The Court believes there are four separate claims. The claim regarding speedy trial is unexhausted, but time

barred. The claim regarding exclusion of evidence of a reprimand of the arresting officer is exhausted, but time barred. The remaining two claims regarding credit for time served are unexhausted, but not time barred.

The Court recommends that petitioner be given the option of going forward on his one exhausted claim -- in which case, this petition should be dismissed as time barred. In the alternative, petitioner should be allowed to dismiss this petition on his motion and return to state court. If petitioner fails either to go forward with the one claim or move to dismiss, then the Court should dismiss the claim regarding failure to allow evidence of the arresting officer's prior reprimand as time barred and dismiss the other three claims without prejudice because they are unexhausted.

## BASIS FOR CUSTODY AND PROCEDURAL HISTORY

Petitioner is in custody pursuant to a Peirce County conviction for assault in the third degree (ECF No. 15, Exhibit 1). He was sentenced to 43 months on July 25, 2008. Id.

Petitioner, through counsel, filed a notice of appeal on August 1, 2008 (ECF No. 15, Exhibit 3). Petitioner raised the following issues:

> 1. Did the trial court err in denying the defense motion to bring into evidence Officer Belford's prior reprimand?
> 2. Did the trial court err in convicting Mr. Krapf of third degree assault where there is insufficient evidence that Mr. Krapf was being lawfully detained at the time of the alleged assault?

(ECF No. 15, Exhibit 4 pages 1 and 2). On May 22, 2009, the Washington State Court of Appeals Commissioner affirmed the judgment and sentence (ECF No. 15, Exhibit 2). Petitioner filed a motion to modify the ruling and that motion was denied on August 10, 2009 (ECF No. 15, Exhibits 7 and 8).

Petitioner filed a motion for discretionary review with the Washington State Supreme Court on September 23, 2009 (ECF No. 15, Exhibit 9). Petitioner raised the following grounds for relief:

1. Did the trial court properly deny the defense motion to admit Officer Belford's prior reprimand into evidence when it was relevant and was admissible character evidence?

2. Did the State adduce sufficient evidence to support the verdict finding defendant guilty of third degree assault?

(ECF No. 15, Exhibit 9). The Washington State Supreme Court denied review on February 9, 2010 (ECF No. 15, Exhibit 10). At that time, petitioner had the right to seek review in the United States Supreme Court. Petitioner had 90 days from February 9, 2010 or until May 10, 2010, to file a writ seeking certiorari. He chose not to do so within the statutory period.

Instead, petitioner filed his federal petition three months late, on August 31, 2011, and he raises the following grounds for review:

(1) I was not given amendment's [sic] (4 & 8) rights regarding speedy trial rights 157 days awaiting trial. Also officer's record was sealed at trial to not disclose his prior reprimand from police dept. due to suspension due to his involvement with civilian, defendant, ect.

(2) After serving 29 month prison sentence my probation was revoked under the ESSB 6157 bill and sent back to total confinement to serve the remaining balance of good-time I earned while in prison. I was accredited credit for time served by hearings officer on 2-14-11. However I was denied 45 days credit I served in Pierce Count (sic) Jail. ??

(3) Seeking credit I was granted by D.O.C. hearings officer on 2-14-11. But have been denied that time served in Pierce County Jail - upon being revoked from community supervision.

(ECF No. 1, pages 8 and 9).

## EVIDENTIARY HEARING NOT REQUIRED

Evidentiary hearings are not usually necessary in a habeas case. According to 28 U.S.C. §2254(e)(2) (1996), a hearing will only occur if a habeas applicant has failed to develop the factual basis for a claim in state court, and the applicant shows that: (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or if there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law. Further, there are no factual issues that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, this Court concludes that an evidentiary hearing is not necessary to decide this case.

## STANDARD OF REVIEW

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. Engle v. Isaac, 456 U.S. 107 (1983). Section 2254 explicitly states that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a) (1995). The Supreme Court has stated many times that federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire,

502 U.S. 62 (1991); Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984).

A habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts. 28 U.S.C. §2254(d). Further, a determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(E)(1).

## DISCUSSION

1. Time Bar.

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C.A. § 2244(d)(1)(A), the limitation period begins on the date on which the state court judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review. Ordinarily, this is when the U.S. Supreme Court disposes of the case on a direct appeal from the person's state court conviction, or, if there has been no application to the Supreme Court for certiorari, 90 days from the final judgment of the highest state court on the direct appeal.

The Washington State Supreme Court denied review on February 9, 2010. (ECF No. 15, Exhibit 10). 90 days after this denial, on May 10, 2010, the one-year statue of limitation for a federal habeas filing began to run. It ran uninterrupted until May 10, 2011, when it expired. Thus, grounds for relief one and two are time barred.

While equitable tolling is available in some circumstances, petitioner has not shown any of those circumstances apply to this case. The one-year statute of limitations under 28 U.S.C. § 2244(d) is subject to equitable tolling "only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (*quoting* Calderon v. United States Dist. Court, 163 F.3d 530, 541 (9th Cir. 1998) (en banc)) (other citations omitted). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Id.

The Court concludes that grounds for relief one and two are time barred. The other two grounds for relief which deal with credit for time served and length of sentence are not time barred as they did not accrue until later in time. But neither of these grounds for relief were presented to the state courts.

2. Exhaustion and mixed petitions.

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing a petition in federal court. As a threshold issue, the court must determine

whether or not petitioner has properly presented the federal habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) in part states:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that:
> (A) the applicant has exhausted the remedies available in the courts of the state; or
> (B)(i) there is an absence of available state corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 275 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

Petitioner did not present any claims regarding calculation of credits for time served or credit for time in the Pierce County jail to the state courts. These two claims are unexhausted. Further, petitioner did not present his claim regarding an alleged speedy trial violation in state court and this claim is also unexhausted although it would now be time barred.

This is a mixed petition containing both exhausted and unexhausted claims. Courts cannot consider "mixed" habeas petitions -- that is, petitions containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982). A petitioner who has filed a mixed petition has the choice of amending the petition by deleting the unexhausted claims, or dismissing the petition and pursuing the unexhausted claims in state court. Id. at 510.

Dismissal without prejudice of the entire petition is not an option because a federal court cannot dismiss a mixed petition without giving the petitioner the opportunity to either return to state court (dismissal by a motion by the petitioner), or dismissal or amendment of unexhausted claims and proceeding forward on only the exhausted claims. Rose v Lundy, 455 U.S. 509, 510 (1982); Jefferson v. Budge, 419 F.3d 1013, 1015-16 (9th Cir. 2005).

The Court recommends that petitioner be given the option of going forward on his one exhausted claim -- in which case, this petition should be dismissed as time barred. In the alternative, petitioner should be allowed to dismiss this petition on his motion and return to state court. If petitioner fails either to go forward with the one claim or move to dismiss, then the Court should dismiss the claim regarding failure to allow evidence of the arresting officer's prior reprimand as time barred and dismiss the other three claims without prejudice because they are unexhausted.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on February 17, 2012, as noted in the caption.

Dated this 23rd day of January, 2012.

J. Richard Creatura
United States Magistrate Judge